# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AAA NEVADA INSURANCE COMPANY, | |
| Plaintiff(s), | Case No. 2:10-cv-1424-RLH-LRL |
| vs. | **O R D E R**<br>(Motion to Strike–#10) |
| JOHN ELIAKIS, *et al.*, | |
| Defendant(s). | |
| JOHN ELIAKIS, *et al.*, | |
| Counter-Claimants, | |
| vs. | |
| AAA NEVADA INSURANCE COMPANY, | |
| Counter-Defendant. | |

Before the Court is Plaintiff's Motion to Strike Paragraph 17 of Defendants/Counter-Plaintiffs' Counterclaim (#10, filed November 17, 2010). Defendant/Counter-Plaintiffs' Response (#11) was filed December 3, 2010. No reply has been filed.

The Motion arises from a paragraph in the Counterclaim that purports to assert a counterclaim against COUNTER-DEFENDANT DOES 1-X, and COUNTER-DEFENDANT ROE CORPORATIONS 1-X, based upon negligently or willfully, contractually or otherwise actions by persons whose names and capacities are unknown and who somehow conspired to deny Counter-

1   Plaintiffs coverage under an umbrella policy.  Plaintiff legitimately objects to the paragraph and
2   asks that it be stricken.  The Motion will be granted.
3   　　　　　The Federal Rules of Procedure do not provide for the use of Does in pleadings.
4   Generally, 'Doe' pleading is improper in federal court.  *See Bogan v. Keene Corp*., 852 F.2d 1238,
5   1239 (9th Cir. 1988).  There is no provision in the Federal rules permitting the use of fictitious
6   defendants.  *Fifty Associates v. Prudential Ins. Co*., 446 F.2d 1187, 1191 (9th Cir. 1970)."
7   *McMillan v. Department of the Interior*, 907 F.Supp. 322 (D. Nev. 1995).  The only exception to
8   this general rule is when there is known to be a person who has done a specific act, but whose name
9   is not known.  That is not the case here.  The Rules do not provide for the general casting of a large
10  "Doe" net in the possibility that there may be someone else out there who might have some liability.
11  　　　　　The impropriety of the use of Does generally is aggravated here, because not only are
12  there no specific acts done by specific people whose names are simply unknown, in this case it is
13  couched in terms of a counterclaim.  A counterclaim is brought against known, named plaintiffs.  If
14  there are third parties who may also be liable, they should be named in a third-party complaint, not a
15  counterclaim.  Even then, this Court would require that the allegations be specific as to the acts
16  claimed to have been committed so the only act necessary is to identify the person or persons who
17  committed the acts.
18  　　　　　IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Paragraph 17 of
19  Defendants/Counter-Plaintiffs' Counterclaim (#10) is GRANTED and the paragraph stricken.
20  　　　　Dated: January 26, 2011.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**Roger L. Hunt**
　　　　　　　　　　　　　　　　　　　　　　**Chief United States District Judge**